**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

IAN LUCAS                                                                                              PLAINTIFF

v.                                          4:18cv00053-BSM-JJV

TIM RYALS, Sheriff,
Faulkner County Detention Center; *et al.*                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Ian Lucas ("Plaintiff") is incarcerated at the Faulkner County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleges the jail lacks adequate security features. (*Id*. at 4.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon

which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**III.   ANALYSIS**

Plaintiff alleges detainees in the Faulkner County Detention Center are at severe risk of bodily harm due to the absence of adequate security features – specifically, panic buttons in all cells to allow for direct communication between detainees and staff.  (Doc. No. 1 at 4.)  He states another detainee "fell out" and suffered a head injury and there was no way to inform the staff.  (*Id*.)  He purports to bring this action on behalf of all detainees at the detention center.  (*Id*.)  Plaintiff seeks damages in the amount of one million dollars and inspection and repair of the facility "by state and federal officials."  (*Id*. at 5.)

As I noted in a prior Order (Doc. No. 4), Plaintiff's Complaint fails to plead enough facts to state a claim to relief that is plausible on its face.  Although he alleges injury to

3

another detainee, he does not allege he has personally suffered any injury due to the absence of a panic button in his cell.  Under the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  *See also Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation.").  Moreover, absent an applicable exception, "one may not claim standing . . . to vindicate the constitutional rights of some third party." *Singleton v. Wulff*, 428 U.S. 106, 114 (1976) (quoting *Barrows v. Jackson*, 346 U.S. 249, 255 (1953)).  Additionally, Plaintiff has not alleged the named Defendants are involved in the deficiency or, more particularly, that they have been deliberately indifferent to an excessive risk to his health or safety.[1]  *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (deliberate indifference standard for convicted inmates); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (same standard for pretrial detainees).

---

[1] To the extent Plaintiff seeks to hold Defendants responsible based solely on their positions as supervisory officials, that claim fails.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

I offered Plaintiff an opportunity to amend his Complaint to cure these deficiencies (Doc. No. 4 at 4), but he has not done so in the time allowed.  His Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 9th day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."